782 So.2d 410 (2001)
Alain L. FORGET, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-629.
District Court of Appeal of Florida, Second District.
February 9, 2001.
Rehearing Denied March 19, 2001.
*411 Robert L. Valentine, Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Forget appeals the trial court's denial of his motion to suppress and his judgment and sentence for possession of cocaine and drug paraphernalia. Forget raises two issues on appeal, the first of which requires this court to reverse for a new trial. The second issue is without merit.
The State charged Forget by information with possession of cocaine, a third-degree felony (count one) and possession of drug paraphernalia, a third-degree misdemeanor (count two). Prior to trial, Forget moved to suppress the cocaine and pipe which formed the basis for the possession charges. The State presented evidence that a police officer responded to a resident's complaint regarding a trespasser at 2:18 a.m. on December 24, 1998. Upon the officer's arrival, he and the complainant approached a shed in the complainant's backyard and observed Forget sitting on a mattress. When the officer asked Forget whether he possessed any weapons, Forget responded in the affirmative. After receiving permission to search Forget for the weapons, the officer found a pocketknife, a piece of rock cocaine, and a narcotics pipe. The officer placed Forget under arrest and asked him whether there were any more narcotics in the shed. Forget directed the officer to three pieces of rock cocaine on a weight disk nearby. The court denied Forget's motion to suppress finding that the search was valid either pursuant to Forget's consent or as a valid search for weapons. Forget thereafter proceeded to trial.
In his opening statement to the jury, trial counsel argued that Forget was not guilty as to possession of cocaine. As to possession of drug paraphernalia, trial counsel conceded that Forget was guilty and suggested that the verdict should so reflect. The State presented essentially the same testimony which was adduced at the hearing on the motion to suppress. In addition, the evidence established that the police officer who seized the cocaine packaged the rock found on Forget's person together with the three rocks found on the *412 weight disk. However, the laboratory analyst who tested the cocaine testified that the evidence bag contained only three rocks of cocaine and some powder.
After the State rested, the court invited Forget to move for a judgment of acquittal on the possession charge, based on the fact that "the jury is entitled to conclude that the cocaine in the pocket was his and the cocaine on the weight disk are [sic] not." The prosecutor responded that the conviction for possession of cocaine could be based on the residue in the pipe. Defense counsel thereafter suggested that the court instruct the jury that they could only base the possession of cocaine verdict on the cocaine residue. The court responded: "Isn't that tantamount to directing a verdict of guilty in light of your opening statement?" Defense counsel replied that it was not, and the court denied the motion for judgment of acquittal.
During closing arguments, the prosecutor argued that the discrepancy regarding the evidence bag did not matter because the residue on the pipe was cocaine, and the law allows for a presumption of knowledge since the pipe was in Forget's pocket. Defense counsel argued that although Forget possessed the pipe, he was not guilty of possession of the cocaine residue in the pipe because there was no proof that Forget knew the discolored material in the pipe was cocaine. However, defense counsel never requested the trial court to read the jury instruction that would have required the State to establish Forget's knowledge of the presence of cocaine residue in the pipe.[1] Instead, the judge gave the following standard instruction regarding exclusive possession: "If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed."
During deliberations, the jury posed the following questions:
Do we have to come to a unanimous decision on both charges for a verdict to be effective? (If we can't agree on one count?)
What is meant by exclusive possession?
What is meant by constructive possession?
Are these terms mutually exclusive?
The court gave the following response without objection:
You should know that it's legally possible for a jurorfor a jury to reach a unanimous decision on one count or two counts or no counts. If after deliberating on a count, you seem unable to reach a verdict, let us know and we may be able to provide an instruction that guides your deliberation process in the future.
In regard to the question, "What is meant by exclusive possession," you should know that the words used in the jury instructions, which aren't otherwise defined by us, have their common, everyday, ordinary meaning which would be used by most people if they were using those words.
For example, the word exclusive means to the exclusion of others, or sole possession.
With regard to the question, "What is meant by constructive possession," we *413 can only refer you to the jury instructions in the written form that we have previously provided for you on that subject.
And likewise, on the question of, "Are the terms mutually exclusive," we can only offer guidance contained in the instructions you have already received on the same page.
The jury returned a verdict of guilty as to both counts.
On appeal, Forget argues that his counsel was ineffective for failing to request the jury instruction that would have required the State to establish Forget's knowledge of the presence of cocaine residue in the pipe and that the trial court erred in denying his motion to suppress. We affirm the denial of the motion to suppress without discussion. The issue requiring reversal is the result of ineffective assistance of Forget's trial counsel.[2]
Forget argues that trial counsel effectively admitted both charges against him by admitting that Forget was guilty of possession of the pipe and failing to request a jury instruction regarding knowledge of the cocaine residue in the pipe. Although claims of ineffective assistance of counsel are not normally cognizable on direct appeal, in this case we review the issue because the error is apparent from the face of the record. See Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987) (holding that a defendant may raise the issue of ineffective assistance of counsel on direct appeal when "the ineffectiveness is apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue").
Counsel is said to be ineffective when counsel's performance does not meet the standard of reasonable professional assistance and there is a reasonable probability that the outcome of the trial would have been different but for the unsatisfactory assistance. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In light of the State's failure to present sufficient evidence that a rock of cocaine was found on Forget's person, we conclude that the only evidence which would support the possession of cocaine charge is the residue in the pipe. Because the jury's questions indicated that they were split as to the charge of possession of cocaine and confused on the issues of exclusive and constructive possession, there is a reasonable probability that they would have reached a different verdict if instructed that the State was required to prove knowledge that the substance in the pipe was cocaine. Accordingly, trial counsel's failure to request such an instruction constituted ineffective assistance of counsel.[3] We reverse and remand for a new trial on both charges.
Reversed and remanded for new trial.
SALCINES, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.
NOTES
[1] This special instruction reads: "Before you can find the defendant guilty of possession of cocaine, the State must prove beyond a reasonable doubt that [the defendant] had knowledge of the presence of the substance and the substance that he possessed was known to him to be cocaine." Lambert v. State, 728 So.2d 1189, 1190 (Fla. 2d DCA) (holding that it was error for the trial court to refuse to give the special instruction when the defense argued that the defendant did not know that the pipe contained cocaine residue), review denied, 741 So.2d 1137 (Fla.1999).
[2] The attorney who filed Forget's brief in this appeal is not the attorney who represented Forget at trial.
[3] We do not suggest that counsel was ineffective for admitting the charge of possession of drug paraphernalia, as such an admission may be considered effective trial strategy under certain circumstances. See, e.g., Harris v. State, 768 So.2d 1179, 1183 (Fla. 4th DCA 2000).