795 So.2d 1028 (2001)
Nola Ann SUGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2446.
District Court of Appeal of Florida, Second District.
September 7, 2001.
*1029 James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Nola Ann Suggs appeals from the denial of her motion to dismiss a charge of aggravated stalking. The charge was based on an alleged violation of a final judgment that put into effect a permanent injunction for protection against repeat violence. Suggs pleaded no contest to a misdemeanor violation of the permanent injunction and reserved the right to appeal the denial of her motion to dismiss. Because Suggs was not present at the hearing when the permanent injunction was entered and she was not served with the permanent injunction, we reverse.
On January 6, 1998, the trial court entered against Suggs a temporary injunction for protection against repeat violence. The temporary injunction was entered without notice, but Suggs was served with a copy. The temporary injunction notified Suggs to appear for an evidentiary hearing on January 15, 1998.
At the hearing, the trial court dissolved the temporary injunction and entered the permanent injunction. The permanent injunction did not note any appearance by Suggs or her attorney, but it was marked to show hand-delivery to Suggs in open court. The mark was apparently made in error because it is undisputed that Suggs did not attend the hearing. A line on the form which could be marked to indicate that the injunction was forwarded to the sheriff for service was not marked, but the notation "1-20-98" was handwritten next to that line. The record does not otherwise reflect that Suggs was ever served with the permanent injunction.
In April 2000, Suggs was charged with violating the permanent injunction. In her motion to dismiss, she claimed that the allegations were insufficient to support entry of the permanent injunction and that she was not served with the permanent injunction. We find no merit in the argument as to the sufficiency of the allegations and do not address it further. However, we agree that reversal is required due to the absence of any proof of service of the permanent injunction.
While it is undisputed that Suggs was not in court on January 15, 1998, the date on which the hearing occurred and the judgment was entered, the State suggests that the notation on the permanent injunction of "1-20-98" should be interpreted as meaning that Suggs was given a copy of the injunction in open court on January 20, 1998. That argument ignores several facts: the notation appears on the permanent injunction that was entered on January 15, 1998, five days before the date indicated by the notation; the notation was not inserted next to the line for hand-delivery in open court but was written next to the line which stated "forwarded to sheriff for service"; nothing in the record establishes that Suggs was served with the permanent injunction; and nothing in the record suggests that there was any hearing or appearance in court by Suggs on January 20, 1998.
*1030 The State also suggests that service of the permanent injunction was not required because Suggs was served with the temporary injunction and had notice of the hearing at which entry of a permanent injunction would be considered. We disagree.
Proof of service of the permanent injunction was required in order for Suggs to be convicted of violating the permanent injunction. Cordova v. State, 675 So.2d 632, 634 (Fla. 3d DCA 1996); see also Hernandez v. State, 713 So.2d 1120 (Fla. 3d DCA 1998). Notice is an essential element to a charge of violation of the provisions of an injunction, and proof of service is critical. Cordova, 675 So.2d at 634.
Florida Family Law Rule of Procedure 12.610(c)(3)(B)(ii) specifically addresses service of permanent injunctions. If a party is not present at the hearing when an injunction for protection against domestic or repeat violence is issued, continued, modified, or vacated, a copy of the injunction is to be forwarded by the clerk of the court to the sheriff for service. Id.; see also Amendments to the. Florida Family Law Rules, 713 So.2d 1, 5 (Fla.1998).
Because Suggs was not present at the hearing at which the permanent injunction was entered and there was no showing that she was served with the permanent injunction, the motion to dismiss should have been granted. We therefore reverse and remand with directions that the trial court dismiss the amended information and discharge Suggs as to the charge involved in this proceeding.
Reversed and remanded.
THREADGILL, A.C.J., and CAMPBELL, MONTEREY, (SENIOR) JUDGE, Concur.