847 So.2d 1131 (2003)
George Christopher LIVINGSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2988.
District Court of Appeal of Florida, Fourth District.
June 25, 2003.
*1132 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
George Livingston appeals his convictions for aggravated stalking[1] (Count I) and violating an injunction against repeat violence[2] (Count II). We affirm the conviction for aggravated stalking, but reverse the injunction violation.
Appellant was served with a temporary injunction on August 24, 1998. The temporary injunction ordered appellant to appear at a hearing for the extension of the injunction on August 31, 1998. Page three of the temporary injunction contained the following paragraph:
THE RESPONDENT, UPON SERVICE OF THIS TEMPORARY INJUNCTION UPON HIM OR HER, SHALL BE DEEMED TO HAVE KNOWLEDGE OF AND TO BE BOUND BY ALL MATTERS OCCURRING AT THE EXTENSION HEARING SCHEDULED ON THE FACE OF THIS ORDER, AS WELL AS ANY FURTHER INJUNCTION THAT MAY BE ENTERED AT THAT HEARING. A COPY OF ANY SUCH INJUNCTION SHALL BE MAILED TO THE RESPONDENT AT THE LAST ADDRESS KNOWN TO THE CLERK, BUT FAILURE OF THE RESPONDENT TO RECEIVE THE MAILED COPY SHALL NOT EXCUSE RESPONDENT FROM BEING BOUND BY THAT INJUNCTION.
*1133 Appellant failed to appear at the hearing on August 31, 1998. The court then extended the injunction for one year. A copy of the permanent injunction was forwarded to the sheriff's office for service, but was not served on appellant. Although a copy of the permanent injunction was mailed to appellant in Georgia on September 1, 1998, the record does not reveal whether it was delivered or if appellant ever received it.
After the permanent injunction was in place, appellant continued his course of harassment and threatening behavior toward the victim. He was subsequently charged with aggravated stalking and violation of an injunction against repeat violence. The jury found appellant guilty of both counts as charged.
On appeal appellant argues that the court erred in denying his motion for judgment of acquittal because the evidence did not establish that he was ever personally served with the permanent injunction. Appellant relies on Suggs v. State, 795 So.2d 1028 (Fla. 2d DCA 2001), for his contention that personal service of the permanent injunction was essential to his conviction for aggravated stalking and violation of the injunction.
In Suggs, the trial court entered a temporary injunction for protection against repeat violence. Suggs was served with a copy of the temporary injunction, which notified her to appear for an evidentiary hearing on a specified date for a permanent injunction. Suggs did not attend the hearing. The court dissolved the temporary injunction and entered a permanent injunction. Suggs was not served with the permanent injunction. Later, Suggs was charged with aggravated stalking for violating the permanent injunction. She moved to dismiss the aggravated stalking charge and pled no contest to a misdemeanor violation of the permanent injunction, reserving her right to appeal denial of the motion to dismiss. The second district reversed because of the absence of any proof of service of the permanent injunction.
We agree that the failure to serve appellant with the permanent injunction is fatal to his conviction for violation of the injunction. This is so even though appellant was personally served with a temporary injunction, which notified him of the hearing for issuance of a permanent injunction. Family Law Rule 12.610(c)(3)(B)(ii)[3],[4] requires that the permanent injunction be personally served upon the respondent.[5] Here, a copy of the permanent injunction was mailed to appellant. However, because it is undisputed that appellant was not personally served with the permanent injunction and there is *1134 no record proof that he received it or had actual knowledge of it, his conviction for violating the permanent injunction must be reversed.
We do not conclude, however, that failure to serve appellant with the permanent injunction dooms his conviction for aggravated stalking. Appellant was convicted of aggravated stalking in violation of section 784.048(4). This section provides:
Any person who, after an injunction for protection against repeat violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person's property, knowingly, willfully, maliciously, and repeatedly follows or harasses another person commits the offense of aggravated stalking, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Under the statute, "`harass' means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." § 784.048(1)(a). Conduct which constitutes a misdemeanor stalking offense is aggravated to a felony when, at the time of the conduct, an injunction for protection against repeat or domestic violence or some other court-imposed prohibition of conduct by the defendant is in existence. There is no requirement in the statute that the permanent injunction have been actually served on the defendant before he or she can be convicted of aggravated stalking. Actual notice of the injunction is not an essential element that must be proved by the state beyond a reasonable doubt, as is the case in a contempt proceeding for violation of the injunction. The state must prove only that an injunction or some other restriction for protection was in place when the accused repeatedly followed or harassed the victim.
Under the particular facts of this case, we hold that actual service of the permanent injunction was not critical to appellant's prosecution for aggravated stalking. Here, the state presented competent substantial evidence that appellant engaged in stalking activity at a time when a permanent injunction was in place after appellant had been served with a temporary injunction, notified of the date and time of the hearing for extending the injunction, and, by language contained in the temporary injunction, made aware that he would be bound by issuance of a permanent injunction and any other matters determined at the hearing.[6] Accordingly, we affirm denial of the motion for judgment of acquittal as to the aggravated stalking charge.
AFFIRMED in part; REVERSED in part; and REMANDED.
HAZOURI and MAY, JJ., concur.
NOTES
[1] § 784.048(4), Fla. Stat.
[2] § 784.047(5), Fla. Stat.
[3] Party not Present at Hearing. Within 24 hours after the court issues, continues, modifies, or vacates an injunction for protection against domestic or repeat violence, the clerk shall forward a copy of the injunction to the sheriff with jurisdiction over the residence of the petitioner for service.
[4] While the instant case was pending on appeal, the Florida Supreme Court amended Rule 12.610. See Amendment to the Florida Family Law Rules of Procedure, 845 So.2d 174 (Fla. May 1, 2003). However, none of the amendments alter the result herein.
[5] The Florida Supreme Court in Amendments to the Florida Family Law Rules, 713 So.2d 1, 5 (Fla.1998), addressed whether the Rule should be amended to allow service of the permanent injunction by mail when the respondent has been personally served with the temporary injunction. The court concluded that the Rule should not be amended, because it "received many comments from both judges and prosecutors opposing any change that would allow service by mail due to concerns about enforcement of the injunction and prosecution of injunction violations."
[6] We caution that our ruling in this case should not be interpreted to mean that the state can dispense with the need to personally serve permanent injunctions, as required by the rules governing domestic and repeat violence injunctions.