857 So.2d 969 (2003)
Freddie JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4245.
District Court of Appeal of Florida, Second District.
October 24, 2003.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Jones appeals his conviction for possession of cocaine. Because the trial court fundamentally erred by failing to instruct the jury that knowledge of the illicit nature of the substance possessed was an element of the offense of possession of cocaine, we reverse.
Jones faced the possession of cocaine charge based upon his possession of a crack pipe that contained cocaine residue. Jones was arrested after presenting this crack pipe to an undercover police officer in response to an inquiry by the officer as to whether Jones had anything with which to smoke crack cocaine. The offense charged against Jones allegedly occurred *970 on November 14, 2001. Jones did not testify or present any witnesses at trial, and consequently his defense was limited to argument and cross-examination of State witnesses.
On appeal, Jones argues that he should be retried because the jury was not instructed that knowledge of the illicit nature of the substance was an element of a drug possession offense as required by Chicone v. State, 684 So.2d 736, 737 (Fla. 1996), which held that "guilty knowledge is an element of possession of a controlled substance." He contends that his lawyer's failure to request this instruction and to object to the lack of such an instruction constituted ineffective assistance of counsel so apparent on the face of the record that it is cognizable on direct appeal. Jones also argues that the failure of the trial court to give the Chicone instruction was fundamental error. We conclude that Jones is not entitled to relief as a result of ineffective assistance of counsel but that the failure to give an illicit knowledge instruction was fundamental error.
In support of his ineffective assistance of counsel claim, Jones cites Forget v. State, 782 So.2d 410, 413 (Fla. 2d DCA 2001), which held on direct appeal that defense counsel was ineffective for failing to request a guilty knowledge instruction and that there was a "reasonable probability that the outcome of the trial would have been different but for the unsatisfactory assistance." See also Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although Forget supports Jones's contention that the representation afforded by his counsel fell below the reasonable standard of professional assistance, the facts of the instant case do not satisfy the second prong of the ineffective assistance of counsel test, which requires a reasonable probability that the jury would have reached a contrary result absent counsel's errors. See Strickland, 466 U.S. at 687, 104 S.Ct. 2052. In Forget, this court relied on questions asked of the trial court by the jury to establish that the jury was confused and might have reached a different decision if properly instructed. 782 So.2d at 413. The jury in the instant case asked no questions and showed no outward signs of confusion. Given the evidence presented and the fact that the jury undoubtedly believed the testimony of the undercover police officer, there is no reasonable probability that counsel's failure to request the guilty knowledge instruction resulted in the guilty verdict.
Jones also claims that the trial court committed fundamental error by failing to instruct the jury on the element of illicit knowledge. The Florida Supreme Court has held that the failure to instruct on a particular element of a crime is fundamental error when that element is disputed at trial. See State v. Delva, 575 So.2d 643, 645 (Fla.1991). During Jones's trial, his counsel presented a very limited defense and called no witnesses on Jones's behalf. However, through cross-examination of the State's witnesses, Jones's counsel sought to demonstrate that the residue found on the pipe did not have the same appearance as any usable form of cocaine. His counsel also elicited testimony that the amount of cocaine contained in the residue was so minute that it could not effectively be weighed or measured. Further, Jones's counsel contended in his closing argument that, although the residue itself was visible, it had to be tested multiple times before the police could make a positive determination that it contained cocaine.
We conclude that Jones's counsel placed in dispute the issue of whether Jones knew the illicit nature of the substance on the pipe. Under Delva, it was fundamental error for the trial court to fail to properly instruct the jury on that disputed element of the crime charged against Jones. Since *971 such fundamental error is not subject to harmless error analysis, Jones's conviction must be reversed. See Reed v. State, 837 So.2d 366, 369-70 (Fla.2002) (holding that failure to give proper instruction regarding disputed element of crime charged was fundamental error requiring reversal and stating that "fundamental error is not subject to harmless error review").
Section 893.101, Florida Statutes (2002), which was adopted by the legislature in response to Chicone, does not remedy the trial court's failure to give a guilty knowledge instruction in this case. Under that statute, "knowledge of the illicit nature of a controlled substance is not an element" of drug offenses, but lack of such knowledge is an affirmative defense. § 893.101(1). These statutory provisions are, however, not applicable to this case because they became law on May 13, 2002, after the alleged commission of the offense by Jones on November 14, 2001. See ch.2002-258, § 1, at 1848, Laws of Fla.; Garcia v. State, 854 So.2d 758 (Fla. 2d DCA 2003) (citing Thomas v. State, 844 So.2d 723, 725 (Fla. 5th DCA 2003), Blunt v. State, 831 So.2d 770, 772 (Fla. 4th DCA 2002), and Norman v. State, 826 So.2d 440, 441 (Fla. 1st DCA 2002), for the proposition that section 893.101 cannot be applied retroactively).
We therefore reverse the possession of cocaine conviction and remand for a new trial. Jones was also convicted of possession of drug paraphernalia during the same trial. We do not disturb that conviction and the sentence imposed for that offense.
Reversed and remanded.
VILLANTI and WALLACE, JJ., Concur.