873 So.2d 528 (2004)
Jude CAZEAU, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1667.
District Court of Appeal of Florida, Fourth District.
May 19, 2004.
*529 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, Laura Fisher Zibura and Heidi L. Bettendorf, Assistant Attorneys General, West Palm Beach, for appellee.
STEVENSON, J.
Jude Cazeau appeals his conviction for aggravated stalking, arguing that the trial court erred in denying his motion for judgment of acquittal or, alternatively, that fundamental error in the jury instructions entitles him to reversal and a new trial. We reject Cazeau's contention that he was entitled to a judgment of acquittal. We agree, though, that the jury instructions given were inadequate, requiring reversal, and we write to address this issue.
Cazeau was charged with aggravated stalking in violation of section 784.048(4), Florida Statutes (2002), which provides as follows:
Any person who, after an injunction for protection against ... domestic violence... knowingly, willfully, maliciously, and repeatedly follows or harasses another person commits the offense of aggravated stalking, a felony of the third degree.
In order to convict a defendant of aggravated stalking under this statute, as an element of the crime, the State must prove that the defendant had knowledge of the injunction. See State v. Johnson, 676 So.2d 408, 411 (Fla.1996).[1]
In the instant case, though, the jury was never told that to convict Cazeau of aggravated stalking, it must first find that the defendant had knowledge of the injunction. Cazeau acknowledges that he never requested such an instruction below nor objected to the instructions that were given and, therefore, is entitled to relief on appeal only if the error is fundamental. "[T]he failure to instruct on a particular element of a crime is fundamental error when that element is disputed at trial." Jones v. State, 857 So.2d 969, 970 (Fla. 2d DCA 2003) (citing State v. Delva, 575 So.2d 643, 645 (Fla.1991)); see also Guitterrez v. State, 837 So.2d 1095, 1096-97 (Fla. 4th DCA 2003) (citing Reed v. State, 837 So.2d 366, 369 (Fla.2002)).
Through cross examination and arguments advanced both in support of the motion for judgment of acquittal and in closing, defense counsel made Cazeau's knowledge of the injunction a disputed issue at trial. Thus, we are compelled to reverse his conviction and remand for a *530 new trial.[2]See Gaspard v. State, 848 So.2d 1161 (Fla. 1st DCA) (reversing aggravated stalking conviction where jury was not instructed that defendant's knowledge of injunction was an element of the crime and this issue was disputed at trial), supplemented on reh'g, 845 So.2d 986 (Fla. 1st DCA 2003).
AFFIRMED in part; REVERSED in part; and REMANDED.
STONE and HAZOURI, JJ., concur.
NOTES
[1] We acknowledge that there is language in this court's opinion in Livingston v. State, 847 So.2d 1131 (Fla. 4th DCA 2003), which could be construed in a manner contrary to the supreme court's holding in Johnson. The issue in Livingston was whether reversal of the aggravated stalking conviction was required as a consequence of the failure to serve the injunction on the defendant. We take this opportunity to clarify that the case does not stand for the proposition that the State need not prove that the defendant had knowledge of the injunction in order to sustain a conviction under section 784.048(4).
[2] Our holding that the failure to instruct on the knowledge element requires reversal renders moot Cazeau's additional claim regarding the propriety of the jury instruction concerning the term "maliciously."