976 So.2d 107 (2008)
Rubin GRIFFIN, a/k/a Ruben Lee Griffin, a/k/a Rubin Lee Griffin, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D08-220.
District Court of Appeal of Florida, Third District.
March 5, 2008.
Rubin Griffin, in proper person.
Bill McCollum, Attorney General, for respondent.
Before WELLS, ROTHENBERG, and SALTER, JJ.
ROTHENBERG, Judge.
Rubin Griffin, a/k/a Ruben Lee Griffin, a/k/a Rubin Lee Griffin ("Griffin"), seeks a writ of habeas corpus, requesting that this Court reverse his convictions and order his immediate release from custody. In doing so, Griffin urges this Court to "brush aside formal technicalities" in order to grant him the relief he seeks. We decline the invitation and deny the petition.
Griffin's convictions for burglary of an occupied dwelling, grand theft auto, and resisting an officer without violence, and his thirty-year sentence as an habitual felony offender, were affirmed on appeal by this Court on May 8, 1996. Griffin v. State, 674 So.2d 137 (Fla. 3d DCA 1996) (table). Since his direct appeal, Griffin has filed: (1) a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which was denied by the trial court and affirmed by this Court on November 12, 1998, Griffin v. State, 721 So.2d 390 (Fla. 3d DCA 1998) (table); (2) a petition for a writ of mandamus, which was denied by this Court on October 19, 2007, *108 Griffin v. State, 967 So.2d 210 (Fla. 3d DCA 2007); (3) a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800, which was denied by the trial court and affirmed by this Court on December 5, 2007, Griffin v. State, No. 3D07-2614, 972 So.2d 190, 2007 WL 4249865 (Fla. 3d DCA Dec. 5, 2007) (unpublished); and (4) the instant petition seeking a writ of habeas corpus.
In the instant petition, Griffin claims that his trial counsel provided ineffective assistance. Habeas corpus is, however, the improper vehicle to address the merits of an underlying conviction and the performance of trial counsel. The proper vehicle to address Griffin's claim was either during his direct appeal, see Forget v. State, 782 So.2d 410, 413 (Fla. 2d DCA 2001) (stating that claims of ineffective assistance of trial counsel are not cognizable on direct appeal unless the error is apparent on the face of the record), or in a timely filed rule 3.850 motion for postconviction relief. A petition for habeas corpus cannot substitute for a rule 3.850 motion, see Nixon v. State, 691 So.2d 45 (Fla. 1st DCA 1997), nor may it be used to circumvent a rule 3.850 motion barred by the two-year limitations period or the proscription against successive motions. See Mills v. Dugger, 574 So.2d 63, 65 (Fla.1990).
It would appear that Griffin is well-aware of his inability to file a legally sufficient motion under rule 3.850, which is why he has filed the instant petition and has urged us to dispense with the "formal technicalities."
Petition denied.