VILLANTI, Judge.
Mickey M. Canavan appeals his conviction for aggravated stalking, claiming that the court should have granted his motion for judgment of acquittal because the State failed to prove that he knew of the entry of the final injunction when he continued to harass the victim. We agree, reverse his conviction for aggravated stalking, and remand for entry of a judgment of conviction for simple stalking.
The State charged Canavan with aggravated stalking in violation of section 784.048(4), Florida Statutes (2007), based on allegations that he harassed his former wife after entry of a final injunction against domestic violence. To convict Ca-navan of this offense, the State had to prove beyond a reasonable doubt that Ca-navan continued to harass the victim despite knowledge of the injunction upon which the charge was premised. See State v. Johnson, 676 So.2d 408, 411 (Fla.1996) (stating that “[t]he statutory elements of aggravated stalking under section 784.048(4) are knowledge of an injunction and knowingly, willfully, maliciously, and repeatedly following or harassing the beneficiary of the injunction”).
Canavan’s former wife obtained a temporary injunction against him in December 2006 because he was following her, she was *887 afraid of him, and she was afraid that he would try to take their son. A permanent injunction was entered a year later at a hearing that Canavan did not attend. It is undisputed that the permanent injunction was not served on Canavan until he was arrested for the stalking charge at issue in this case.
If the defendant is served with the permanent injunction, we agree that proof of service is sufficient to prove that he had knowledge of the injunction. See Robinson v. State, 840 So.2d 1138, 1139 (Fla. 1st DCA 2003) (suggesting that one method of establishing defendant’s knowledge of the existence of a permanent injunction is proof of service of the permanent injunction). The statute, however, does not expressly make service of the injunction an element of the offense. Given that defendants in these cases sometimes go to great lengths to avoid service of process, it is reasonable to permit the State to prove that the defendant has actual knowledge of the permanent injunction as a result of actions other than service of process. See, e.g., Livingston v. State, 847 So.2d 1131, 1134 (Fla. 4th DCA 2003) (concluding that the State produced sufficient evidence to deny motion for judgment of acquittal on aggravated stalking charge where the temporary injunction served on the defendant notified him of the date of the final hearing and made him aware that he would be bound by any injunction issued at the final hearing); Robinson, 840 So.2d at 1139 (reversing conviction for violation of domestic violence injunction because the State failed to establish, through proof of service of the permanent injunction or through proof that the defendant had some other notice, that the defendant knew the permanent injunction had been entered against him).[1]
Here, the State presented no proof of service of the final injunction prior to Ca-navan’s arrest on the stalking charge. The temporary injunction, a copy of which was provided to Canavan by the former wife’s new husband, did not contain any language advising him that he would be bound by the terms of any injunction issued at the scheduled final hearing. The State simply failed to provide any evidence that Canavan knew of the entry of the permanent injunction. Because the State failed to prove this element of the charge of aggravated stalking, Canavan’s motion for judgment of acquittal should have been granted. We do not need in this case to decide what evidence would be sufficient to establish that a defendant knew of the existence of a permanent injunction. Based on the foregoing, we must reverse the conviction for aggravated stalking.
Nevertheless, we remand for entry of a judgment of conviction for simple stalking. Simple stalking is a category one, lesser-included offense of aggravated stalking. See Fla. Std. Jury Instr. (Crim.) 8.7(b). To prove simple stalking, the State must prove that the defendant willfully, maliciously, and repeatedly followed, harassed, or cyberstalked the victim. § 784.048(2); Fla. Std. Jury Instr. (Crim.) 8.6. To prove aggravated stalking, the State must prove the same conduct, plus the existence of an injunction and the defendant’s knowledge that the injunction had been entered against him. See § 784.048(4); Fla. Std. Jury Instr. (Crim.) 8.7(b). By finding Canavan guilty of aggravated stalking, the jury also made a necessary finding on the elements consti *888 tuting the lesser-included offense of simple stalking. The jury was given both of these instructions. We are reversing Canavan’s aggravated stalking conviction because the State did not, as a matter of law, establish the third element of aggravated stalking— that factually Canavan knew the final injunction had been entered against him. However, we do not take issue with the remaining elements of the offense. Section 924.34, Florida Statutes (2007), requires an appellate court to remand for entry of a judgment of conviction for the lesser-included offense of simple stalking where the jury has specifically found the existence of the elements comprising this lesser-included offense. Therefore, we remand for entry of a judgment of conviction for the lesser-included offense of simple stalking.
Reversed and remanded for further proceedings consistent with this opinion.
ALTENBERND and WALLACE, JJ., Concur.

. To the extent Livingston contains dicta suggesting that the State does not need to prove the defendant's knowledge of the injunction, but merely needs to establish that the injunction "was in place,” we disagree with that statement and follow the elements of the offense as described in Johnson.