966 So.2d 493 (2007)
Catherine AVERSANO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4931.
District Court of Appeal of Florida, Fourth District.
October 17, 2007.
Donnie Murrell, West Palm Beach, for appellant.
*494 Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Catherine Aversano, appeals from her conviction and sentence for one count of grand theft over $20,000, but less than $100,000. We reverse and remand for a new trial.
The allegations in this case arose out of a series of events following the impact of hurricanes Frances and Jean on South Florida in the fall of 2004. After her home suffered extensive damage, Aversano was forced to temporarily relocate to a rental home. After she moved out of her home, she allowed a third-party to temporarily store restaurant equipment in her garage because the garage was not severely damaged from the storms. The parties had no agreement concerning how long the equipment would remain. Aversano contacted the third-party to remove his equipment from her garage when her contractor was ready to begin repairs on her home. At one point, Aversano contacted an attorney, James Blackburn, who advised her to send the third-party a registered letter directing him to remove his equipment by a certain date. She sent the letter, but the third-party never retrieved it from the post office after receiving notice of the letter. Then, Blackburn advised her to hire a process server to personally serve the letter on the third-party, which she did. Blackburn advised Aversano that once served, the third-party would have until the deadline provided in the letter to remove his property. Blackburn advised Aversano further that she could dispose of the equipment after the deadline. The third-party did not retrieve his equipment by the deadline and Aversano sold it to an auctioneer.
Aversano was charged with one count of grand theft over $20,000, but less than $100,000, and one count of dealing in stolen property. Defense counsel moved for a judgment of acquittal, arguing in part that Aversano could not be convicted of both grand theft and dealing in the same stolen property pursuant to section 812.025, Florida Statutes (2005). The trial court denied the motion for judgment of acquittal. The jury found Aversano guilty of both counts. However, the trial court adjudicated Aversano guilty of grand theft only, and sentenced her to one year in county jail followed by twelve years probation.
Aversano argues that the trial court erred by not instructing the jury that it could find her guilty of grand theft, or dealing in stolen property, but not both, under section 812.025. She argues further that the trial court erred by allowing the jury to find her guilty of both counts. Finally, she argues that her trial counsel rendered ineffective assistance by failing to request a good faith or advice of counsel instruction, and instead requesting an instruction on bailment. We agree.
We address the ineffective assistance of counsel claim first. To succeed on an ineffective assistance of counsel claim, a defendant must satisfy two elements. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious that they deprived the defendant of a fair trial, a trial whose result is reliable. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
With rare exceptions, ineffective assistance of counsel claims should be *495 raised in a motion for post-conviction relief because they are generally fact-specific. See Gore v. State, 784 So.2d 418, 438 (Fla. 2001). "Only in cases where the incompetence and ineffectiveness of counsel is apparent on the face of the record and prejudice to the defendant is obvious do appellate courts address this issue on direct appeal." McMullen v. State, 876 So.2d 589, 590 (Fla. 5th DCA 2004) (citations omitted).
Aversano acknowledges that ineffective assistance of counsel claims are generally not cognizable on direct appeal, but contends that the ineffective assistance is apparent on the face of the record. We agree.
It is apparent on the face of the record that the performance of Aversano's trial counsel was deficient for failing to request a specific instruction on either the good faith defense or the advice of counsel defense, which were central to her case. At trial, Blackburn testified that he advised Aversano that she had the legal right to sell the property after the deadline for removal contained in her notice to the third-party. This testimony was unrefuted. Florida recognizes the good faith defense. See Alfaro v. State, 837 So.2d 429, 432 (Fla. 4th DCA 2002). Florida also recognizes the advice of counsel defense, but it applies only to a specific intent crime. See State v. Franchi, 746 So.2d 1126, 1127 (Fla. 4th DCA 1999) (citation omitted). Grand theft is a specific intent crime; however, dealing in stolen property is not. See Reese v. State, 869 So.2d 1225, 1227 (Fla. 2d DCA 2004) (citations omitted).
The state responds that ineffective assistance of counsel is not apparent on the face of the record because the decision not to request the instructions was strategic, and therefore, necessitates a factual inquiry. In Occhicone v. State, 768 So.2d 1037 (Fla.2000), the Florida Supreme Court recognized that "strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." Id. at 1048. However, we agree with Aversano's contention that it is patently unreasonable to fail to request an instruction that provides a legal defense to undisputed facts. See Mathis v. State, 31 Fla. L. Weekly D2639, *4, ___ So.2d ___, ___, 2006 WL 3017251 (Fla. 1st DCA October 25, 2006) (stating "even if appellant's trial counsel would have categorized his decision as a strategic one, arguing that the jury should find appellant not guilty because he was acting in self-defense and then failing to request an instruction on that theory was patently unreasonable").
Prejudice to Aversano from trial counsel's failure to request one or both of these instructions is also apparent on the face of the record, as that failure essentially deprived her of a defense. Aversano never denied the property belonged to Burns, and she never denied selling it. Thus, her only defense was that she had a good faith belief, based on advice of counsel, that she had a right to act as she did.
Forget v. State, 782 So.2d 410 (Fla. 2d DCA 2001), cited by Aversano, is instructive. In Forget, the Second District found on direct appeal that the defendant's trial counsel rendered ineffective assistance where trial counsel failed "to request the jury instruction that would have required the State to establish Forget's knowledge of the presence of cocaine residue in the pipe" found in his pocket. Id. at 413. Forget argued that his trial counsel "effectively admitted both charges against him by admitting that Forget was guilty of possession of the pipe and failing to request a jury instruction regarding knowledge of the cocaine residue in the pipe." Id.
*496 Similarly, in the instant case, trial counsel admitted in opening statement that Aversano took the property and sold it. He put Aversano on the stand and she admitted having the property and selling it. Trial counsel again admitted in closing that it had occurred. However, the jury was never instructed on the viable defenses of good faith and advice of counsel, which were supported by undisputed evidence presented at trial.
Because it is apparent on the face of the record that Aversano has satisfied both prongs of Strickland, we reverse and remand this case for a new trial. We do not reach Aversano's claim that trial counsel was ineffective for requesting a special instruction on bailment.
Since we are reversing for a new trial, we also address Aversano's argument that the trial court erred in failing to instruct the jury that it could convict Aversano of either grand theft or dealing in stolen property, but not both. Section 812.025 provides:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
§ 812.025, Fla. Stat. (2006) (emphasis added). Both counts charged in the instant case involved the same restaurant equipment. There is no dispute that the alleged offense was "one scheme or course of conduct." In construing section 812.025, the Florida Supreme Court stated:
Section 812.025 allows the State to charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts, but the trier of fact must then determine whether the defendant is a common thief who steals property with the intent to appropriate said property to his own use . . . or whether the defendant traffics or endeavors to traffic in the stolen property. The linchpin of section 812.025 is the defendant's intended use of the stolen property. The legislative scheme allows this element to be developed at trial and it is upon this evidence that the trier of fact may find the defendant guilty of one or the other offense, but not both.
Hall v. State, 826 So.2d 268, 271 (Fla. 2002). The Hall court found the legislative scheme so clear and compelling that it held a defendant could not plead guilty to both dealing in stolen property and grand theft when both arose out of the same scheme or course of conduct because the charges are inconsistent.
Because the trial court did not instruct the jury on its obligation under Hall to "determine whether the defendant is a common thief who steals property . . . or whether the defendant traffics . . . in stolen property," the court committed fundamental error.[1]See Toson v. State, 864 So.2d 552, 555 (Fla. 4th DCA 2004) (concluding "the convictions of both grand theft and dealing in stolen property constitute fundamental error that may be raised for the first time on appeal"); Stewart v. State, 420 So.2d 862, 863 (Fla.1982) (holding that "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict"). That determination by the jury is the "linchpin" element that must be decided by the trier of fact when both theft and dealing in stolen property are charged. Hall, 826 So.2d at 271.
*497 Therefore, Hall and a plain reading of the statute make it clear that the state was not entitled to have a jury convict Aversano of both counts and then have the trial court adjudicate her guilty of grand theft, which in this case is a second-degree felony. Although dealing in stolen property is also a second-degree felony, grand theft carries a higher offense severity rating at sentencing. See § 921.0022(2),(3)(e) & (f), Fla. Stat. (2005) (categorizing second-degree grand theft as a level six offense severity ranking and second-degree dealing in stolen property as a level five offense severity ranking). The statute does not permit this option. To conclude otherwise would make the language of the statute, which permits the trier of fact to return a verdict on one or the other but not both, meaningless.
Reversed and Remanded with Directions.
STONE and STEVENSON, JJ., concur.
NOTES
[1] Aversano did not request this instruction below.