PER CURIAM.
We reverse the juvenile disposition order adjudicating the appellant guilty of evasion of transit fare under section 812.015(l)(j), Florida Statutes, because the state failed to present any evidence of the essential element of intent.
The state charged the child with evasion of transit fare after she boarded and rode a Tallahassee city bus, using a nontransferable Florida A & M University bus pass that a coworker had given her. The statute provides that evasion of transit fare is a form of petit theft, requiring refusal to pay transit fare. See § 812.015(1)0), Florida Statutes (2006). At trial, the child *1225 argued that the state had not proven the intent element of the offense, but the trial court denied her motion for judgment of acquittal on this ground.
The child testified that she had used the bus pass every day for several months without incident, that she was unaware that she was not allowed to use the pass, that no notice appeared on the pass itself indicating that it was nontransferable, and that she would have paid the bus fare if any driver had asked her to do so. The child specifically testified that she thought that her coworker had paid for the bus pass so that the child could use it, that she had never refused to pay the bus fare, and that she never intended to evade the fare. The pass was admitted into evidence, and it was undisputed that it did not contain a notice of nontransferability. Despite the lack of evidence of intent, the trial court adjudicated C.G. guilty and imposed a sentence of six months’ probation.
Evasion of transit fare is a form of petit theft, which is a specific intent crime. See § 812.015(1)¾), Fla. Stat. (2006); Aversano v. State, 966 So.2d 493, 495 (Fla. 4th DCA 2007); Reese v. State, 869 So.2d 1225, 1227 (Fla. 2d DCA 2004). The language of the statute reflects the intent requirement by proscribing not the mere failure to pay transit fare, but rather the evasion or refusal to pay.
(j) “Transit fare evasion” means the unlawful refusal to pay the appropriate fare for transportation upon a mass transit vehicle, or to evade the payment of such fare, or to enter any mass transit vehicle or facility by any door, passageway, or gate, except as provided for the entry of fare-paying passengers, and shall constitute petit theft as proscribed by this chapter.
§ 812.015(l)(j), Fla. Stat. (2006). Thus, the state was required to prove that the child intended to avoid the fare, see Stramaglia v. State, 603 So.2d 536, 537-38 (Fla. 4th DCA 1992), which requires a showing that the child knowingly evaded or refused to pay the fare with the intent to deprive the City thereof. See F.D. v. State, 927 So.2d 936, 938 (Fla. 3d DCA 2006).
In the present case, the state did not present any evidence that the defendant knowingly evaded or refused to pay the bus fare. The evidence taken in a light most favorable to the state shows only that C.G. used a bus pass that did not belong to her. There was no direct or circumstantial evidence adduced at trial that proved that the child knew the bus pass was not transferable or that she intentionally evaded the fare or refused to pay. Thus the state failed to establish the specific intent element of the offense.
Because the evidence was not sufficient to support the adjudication of delinquency, we reverse with instructions to dismiss the charge.
Reversed.
PADOVANO, LEWIS, and THOMAS, JJ., concur.