GERSTEN, C.J.
J.B., a juvenile, appeals his adjudication of delinquency for petit theft. We reverse.
J.B. was at a public library doing homework when a Miami-Dade police officer, working off-duty library security, approached him. The officer recognized J.B. *660 because she had previously issued him a trespass warning. The officer proceeded to arrest him. As the officer placed handcuffs on J.B.’s left wrist, J.B. ran away. The police later found J.B., still with the handcuffs on, and arrested him.
The State charged J.B. with: (1) battery on a police officer, (2) resisting arrest with violence, (3) trespassing on property after warning, and (4) petit theft of the handcuffs. At the adjudicatory hearing, the charge of battery on a police officer was reduced to misdemeanor battery, and the resisting arrest with violence and trespassing on property after warning charges were dismissed. After the hearing, the trial court found J.B. not guilty on misdemeanor battery, but guilty on petit theft of the handcuffs. J.B. appealed.
A person commits theft if he or she knowingly obtains or uses another person’s property with the intent to temporarily or permanently: (a) deprive the other person of the right to use the property or benefit from the property or (b) appropriate the property for his or her own use. See § 812.014(1)(a)-(b), Fla. Stat. (2007). Further, because petit theft is a specific intent crime, see C.G. v. State, 981 So.2d 1224, 1225 (Fla. 1st DCA 2008), the State is required to prove that J.B. intended to deprive the officer of her right to use the handcuffs or benefit from them, or that he intended to appropriate the handcuffs for his own use.
Here, the State presented evidence of J.B.’s intent to flee from the police officer. However, the State did not present any evidence that J.B. intended to steal the handcuffs or deprive the police officer of her property. Instead, J.B.’s act of taking the handcuffs was incidental to his flight from an officer’s unlawful arrest. Actually, we are sure that J.B. would have gladly relinquished any dominion, control, or possessory rights to the handcuffs if he only had the key to release them.
Because the evidence was not sufficient to support the adjudication of delinquency, we reverse with instructions to dismiss the petit theft charge.
Reversed.