STEVENSON, J.
 

 Louis Giunta was tried by jury and convicted of sexual battery. In this direct appeal from that conviction, Giunta asserts that his trial counsel provided ineffective assistance, apparent from the face of the record, by failing to introduce “alibi” evidence at trial. Such evidence would not have conclusively established that Giunta could not have committed the sexual battery, but if believed, would have placed him in Coconut Grove at a time when the victim claimed that she and Giunta were at Giunta’s Hallandale residence in a case that hinged on the victim’s credibility. Ineffective assistance of counsel claims, however, are ordinarily properly raised in a motion for postconviction relief, and it is the rare case when such a claim may be raised, and disposed of, in a direct appeal.
 
 See, e.g., Aversano v. State,
 
 966 So.2d 493, 494-95 (Fla. 4th DCA 2007). Thus, despite the apparent strength of the appellant’s claim, we believe that it should be tested within the procedural context of a motion for postconviction relief, and we decline to address it on direct appeal. We therefore affirm Giunta’s conviction without prejudice to his right to file a motion for postconviction relief, raising the claim asserted in this appeal, which can be more properly resolved after an evidentiary hearing.
 

 Affw-med.
 

 WARNER and DAMOORGIAN, JJ., concur.