DAMOORGIAN, J.
John Capiro appeals his conviction and sentence for grand theft over $100,000, raising a number of issues. We find merit to his claim of ineffective assistance of counsel and reverse only as to that issue.[1]
Capiro’s conviction was the result of a business deal gone wrong. In 2006, Capi-ro started a commercial mortgage lending company. Two of Capiro’s friends (the “victims”) expressed an interest in Capi-ro’s business. Capiro agreed to make the victims part owners in the business, and the victims in turn loaned Capiro $250,000. Capiro and the victims, without the assistance of counsel, memorialized their agreement in two documents: a Business Agreement and a Promissory Note.
The structure of the $250,000 loan is somewhat ambiguous. The Business Agreement did not make any reference to the loan or otherwise dictate how the loan was to be used, and the Promissory Note indicated that the loan was being made to Capiro and his wife in their individual capacity. The terms of payment outlined in the Promissory Note dictated that Capiro was to make monthly “interest only” payments with a return of the principal in three years. It did not outline any restrictions on Capiro’s use of the loan funds. However, an addendum to the Promissory Note suggested that the loan was made to the business so that it could qualify for a commercial lending license.[2] Moreover, one of the victims testified that the loan *300 was made only to satisfy the licensing requirements for the lending business, and Capiro understood that he was not entitled to spend the principal for personal uses.
Capiro ran into financial problems shortly after he formed the lending business. He continued to make the required monthly “interest only” payments on the loan but, unbeknownst to the victims, he began using the principal to pay for his personal expenses. Soon thereafter, he spent all of the loan proceeds and was no longer able to make the required monthly interest payments. After Capiro informed the victims that he had spent all of the money and would not be able to pay it back, the victims sued Capiro. They also contacted the sheriffs office, and Capiro was charged with grand theft over $100,000.
At trial, Capiro admitted that he borrowed, spent, and did not pay back the loan funds. However, he testified that he believed he was entitled to spend the funds on personal expenses because the loan was a personal loan as evidenced by the fact that the note was signed by Capiro and his wife in their individual capacities without any restriction on use. In essence, Capi-ro’s entire defense was that he did not have the requisite intent to commit theft because he spent the funds under the good faith belief that he was allowed to do so.
Florida recognizes that “a good faith belief in one’s right to possession of property is a defense to the charge of theft.” Alfaro v. State, 837 So.2d 429, 432 (Fla. 4th DCA 2002) (citing Rodriguez v. State, 396 So.2d 798, 799 (Fla. 3d DCA 1981)). Further, a defendant is entitled to instruct the jury on a “good faith” defense if there is any evidence to support the defense. See e.g., Verdult v. State, 645 So.2d 530 (Fla. 4th DCA 1994) (court erred in disallowing theft defendant’s requested good faith defense jury instruction because contract between defendant and victims constituted evidence that defendant had a good faith belief that he was entitled to property in question). Although Capiro’s counsel touched on the good faith defense in his opening and closing arguments, he ultimately failed to request a good faith defense jury instruction. Capiro argues that this constituted ineffective assistance of counsel.
To succeed on an ineffective assistance of counsel claim, a defendant must satisfy the following elements: 1) counsel’s performance was deficient to the point that counsel was not functioning as the “counsel” guaranteed by the Sixth Amendment, and 2) the deficient performance prejudiced the defense. Aversano v. State, 966 So.2d 493, 494-95 (Fla. 4th DCA 2007) (citing Strickland v. Washington, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
Ineffective assistance of counsel claims are usually reserved for post-conviction relief, and can be addressed on direct appeal only “where the incompetence and ineffectiveness of counsel is apparent on the face of the record and prejudice to the defendant is obvious.” McMullen v. State, 876 So.2d 589, 590 (Fla. 5th DCA 2004).
Capiro acknowledges that ineffective assistance of counsel claims are generally not cognizable on direct appeal, but maintains that his counsel’s ineffectiveness is apparent on the face of the record. We agree.
We find our holding in Aversano disposi-tive of the issue before us. 966 So.2d at 496-97. There, defense counsel failed to request a good faith defense jury instruction at the trial of a grand theft defendant who admitted to selling property belonging to a third party, but argued that she did so because her attorney told her she could. Id. at 495. We held that it was apparent on the face of the record that defense *301 counsel’s performance was deficient because the good faith defense was central to the defendant’s case, and that the defendant was prejudiced since she was essentially deprived of her only defense. Id.
Here, Capiro’s entire defense at trial was that he thought he was allowed to spend the funds in large part because he and his wife signed the Promissory Note in their individual capacities. Based on our holding in Aver sano, it is apparent on the face of the record that Capiro’s defense counsel was ineffective because he failed to request that the jury be instructed on a defense central to Capiro’s case. We further hold that Capiro was prejudiced by virtue of the fact that the jury was not presented with an instruction on the law applicable to his only defense.
Accordingly, we reverse and remand for a new trial. We affirm as to the trial court’s rulings on the remaining issues raised by Capiro without further comment.

Reversed and Remanded.

MAY, C.J., and TUTER, JACK, Associate Judge, concur.

. Capiro also assigns error to the trial court’s denial of his motion for acquittal; denial of his sworn motion to dismiss; limitation of his expert’s testimony; and allowing the State's introduction of the mortgage lending licensing statute, section 494.0061, Florida Statutes (2006), into evidence.

. Section 494.0061 outlines the requirements for obtaining a commercial lending license, one of them being a net worth of $250,000.