MAY, J.
In consolidated cases, the defendant appeals an order revoking his probation, and his conviction and sentence on new crimes that served as the basis for the probation revocation. He argues that his trial counsel was patently ineffective in abandoning his request for a jury instruction on the justifiable use of non-deadly force against a law enforcement officer during his arrest. We disagree and affirm.
While on probation, the State charged the defendant with resisting an officer with violence, battery on a law enforcement officer, possession of burglary tools, and two counts of attempted burglary of a conveyance. His probation officer filed an affidavit of violation of probation for these offenses and for other technical violations.
The testimony at trial revealed that law enforcement apprehended the defendant after witnessing him lifting door handles of cars parked along a roadway. As the defendant fled the scene with officers in pursuit, a canine officer tracked the defendant with his canine. The canine alerted the officer to the defendant’s location. The canine officer announced his presence and that of the canine, and ordered the defendant to surrender. Instead of surrendering, the defendant jumped out of the bushes and began to flee. The canine officer then released the canine to take the defendant into custody.
The canine bit the defendant in the take down. The defendant hit the canine in the head and muzzle, and continued to do so even though the officer commanded the defendant to stop fighting and put his hands out. As the officer grabbed the canine’s harness, the defendant kicked the officer in the knee, causing him to fall over the canine. The defendant continued to kick and throw punches after the officer fell. A second officer was able to restrain the defendant and take him into custody.
The defense claimed that the defendant’s actions were either involuntary due to the pain of the dog bite or made in self-defense. Defense counsel moved for a judgment of acquittal on that basis. The court denied the motion.
During the charge conference, defense counsel requested an instruction on the justifiable use of non-deadly force as to the battery and resisting an officer with violence charges. The State objected to the instruction because it is applicable only when law enforcement uses excessive force, which did not occur.
The court then explained to the defendant that his defense counsel was requesting an instruction for the affirmative defense of self-defense, which meant that the defendant was admitting to striking the officer. Defense counsel disagreed, and the following colloquy ensued:
The Court: Self-defense by definition is an admission that you did the act, but you are saying I had a reason to do it.
Defense Counsel: Well, I guess the problem is because obviously, it was characterized as involuntary self-defense during the trial.
The Court: Well, then you are not entitled to the instruction. So I’ll give the instruction, but I need to make sure that-you know, jurors are pretty smart. And I think the jurors understand what self-defense is.
Defense Counsel: Okay.
The Court: So I need to make sure [the defendant] understands that what—
Defense Counsel: All right. You’re right. Judge. I’ll withdraw my request. That’s fine. We’re not going to ask for the self-defense.... And the Judge is right. It was characterized as involuntary self-defense. So I *449 think we should not put that instruction. Do you understand?
The Defendant: Yes, sir.
In closing, defense counsel argued that there was reasonable doubt regarding the resisting an officer with violence charge, and questioned the State’s proof that the defendant knowingly and willfully resisted arrest. He argued that the defendant’s injuries were consistent with someone protecting themselves from a dog attack rather than intentionally hitting the officer.
The jury found the defendant guilty of resisting an officer with violence and battery on a law enforcement officer, but acquitted him of the other charges. The court found the defendant had violated his probation based on the new convictions and sentenced him.
On appeal, the defendant argues that his trial counsel rendered ineffective assistance when he withdrew his request for the instruction on justifiable use of non-deadly force. The State responds that the trial court correctly advised that such an instruction meant that the defendant was admitting that he struck the officer, and when the defense chose not to make that admission, defense counsel correctly withdrew the request. The State further argues that such an instruction is warranted only when law enforcement uses excessive force, which did not occur here. We agree with the State and affirm.
“An ineffective assistance of counsel claim is a mixed question of law and fact and is therefore subject to de novo review.” Bowman v. State, 748 So.2d 1082,1083-84 (Fla. 4th DCA 2000).
As explained by the Florida Supreme Court in Maxwell v. Wainwright, two requirements must be satisfied in order to establish an ineffective assistance of counsel claim:
First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.
490. So.2d 927, 932 (Fla.1986) (citing Strickland v. Washington, 466 U.S. 668, 690,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
Such claims are usually reserved for post-conviction relief, and can be addressed on direct appeal only “where the incompetence and ineffectiveness of counsel is apparent on the face of the record and prejudice to the defendant is obvious.” Aversano v. State, 966 So.2d 493, 495 (Fla. 4th DCA 2007) (quoting McMullen v. State, 876 So.2d 589, 590 (Fla. 5th DCA 2004)). This is a case in which the alleged error could be gleaned from the face of the record if one existed. Our review, however, reveals no such error.
“When a defendant is charged with resisting an arrest or battery on a law enforcement officer, a court may instruct the jury on the accused’s justifiable use of force only if the evidence establishes that the police used excessive force.” Caldwell v. State, 803 So.2d 839, 840 (Fla. 2d DCA 2001). Courts have consistently held that an instruction on the justifiable use of non-deadly force is unwarranted where there is no evidence that law enforcement used excessive force. See, e.g., id. (justifiable use of non-deadly force instruction unwarranted where defendant continued to fight officers as they attempted to subdue him); Hamilton v. State, 458 So.2d 863 (Fla. 4th DCA 1984) (instruction unwarranted where pleadings and evidence failed to support the defense). In each of these cases, the defendants lashed out at law *450 enforcement during and after their apprehension.
Here, the canine officer made the defendant aware of his and the canine’s presence, and, instead of surrendering, the defendant jumped out of the bushes and ran. The canine officer then deployed the canine to apprehend him. The defendant hit the canine, and began kicking, throwing punches, and flailing his arms and legs. There was no indication that the officer used any force after the canine apprehended the defendant. Simply put, there was no evidence of excessive force on the part of law enforcement. An instruction on the justifiable use of non-deadly force was therefore unwarranted.
The defendant relies on Wright v. State, 705 So.2d 102 (Fla. 4th DCA 1998) to argue that the instruction should have been requested and given because the evidence supported alternative theories of defense that were not irreconcilable. We disagree; the cases are factually distinguishable. Unlike the officer in Wright, who was accused of beating the defendant during the arrest, giving rise to a suggestion of excessive force, here the officer warned the defendant to surrender before deploying the canine and used no other force to apprehend him. The evidence in this case did not show excessive force by law enforcement. Therefore, the instruction was unwarranted.
Because the instruction was unwarranted, counsel was not ineffective in withdrawing his request for the instruction. Defense counsel’s decision to withdraw the requested instruction was also supported by his unwillingness to admit that the defendant intentionally struck the officer, an admission generally required to support the affirmative defense of self-defense. See Keyes v. State, 804 So.2d 378, 875 (Fla. 4th DCA 2001). We therefore affirm.

Affirmed.

STEVENSON and GERBER, JJ„ concur.