May, J.
The defendant challenges his conviction and sentence on two counts of grand theft. He argues the court erred in: (1) denying the motion for judgment of acquittal, and (2) overruling a hearsay objection. He also argues trial counsel was ineffective in failing to request a jury instruction on good faith. We find no error in the trial court’s ruling, but do agree that trial counsel was ineffective on the face of the record in failing to request a good faith instruction.
The State charged the defendant with two counts of grand theft and six counts of securities fraud. The two counts of grand theft stemmed from his transactions with Sally Krenzel (“Krenzel”) and Melvin and Virginia Diehl (“the Diehls”).
Both transactions involved the exchange of money for promissory notes. The defendant considered the monies loans. Krenzel and the Diehls considered the monies an investment.
The defendant initially made interest payments to Krenzel and to the Diehls, and ultimately attempted to deed property to the Diehls. But, when the defendant used the monies for personal expenses and failed to repay them, charges were filed.
The defendant’s recorded statement, which was admitted at trial, reflected that the monies were not investments, but loans. With respect to Krenzel, the defendant stated he borrowed $20,000, promised a percentage back, and failed to follow through. He did not intend that outcome.
With regard to the Diehls, the defendant stated he tried to give them a house in Lake Worth, but they deeded it back to him. He admitted owing about 1.3 million dollars in bad investments. He was trying to come up with the money and felt guilty.
During opening and closing remarks, defense counsel emphasized to the jury that the defendant believed the monies were loans, and that he never solicited the parties. He attempted to repay the loans, but invested the monies poorly. The promissory notes were loans, not investments. Defense counsel did not request a good faith jury instruction.
The defendant moved for judgment of acquittal on the two grand theft counts, arguing the State failed to prove the defendant intended to permanently deprive Krenzel or the Diehls of their monies. He argued he made some payments, and the witnesses could not say that they received nothing in return. The court granted the motion on the securities fraud charges, but submitted the grand theft charges to the jury.
The jury convicted the defendant on the two counts of grand theft. The court sentenced the defendant to five years in the Department of Corrections on each count to run concurrently with credit for 56 days’ time served. The defendant moved to set aside the verdicts or for a new trial. The court denied the motion, leading to this appeal.
We find no merit in the defendant’s argument that the court erred in denying the motion for judgment of acquittal on the grand theft charges. There was sufficient evidence in the light most favorable to the State to allow the issue to go to the jury. Pagan v. State, 830 So.2d 792, 803 (Fla. 2002).
*109 In his second argument, the defendant argues his trial counsel’s performance fell below the minimum level of effectiveness when she failed to request a good faith instruction after arguing a good faith defense in opening and closing arguments. The State responds the defendant failed to establish that trial counsel was ineffective on the face of the record. According to the State, the good faith defense was not obvious from the evidence requiring an instruction.
“Because ineffective assistance of counsel claims present mixed questions of fact and law, [courts] employ[] a mixed standard of review, deferring to the circuit court’s factual findings that are supported by competent substantial evidence, but reviewing the circuit court’s legal conclusions de novo.” Simmons v. State, 105 So.3d 475, 487 (Fla. 2012).
A defendant claiming ineffective assistance of counsel must meet a two-prong test: (1) counsel's performance was deficient, or outside the range of reasonably competent performance based on prevailing professional standards; and (2) the deficient performance prejudiced the defendant such that “but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Here, defense counsel was deficient for failing to request a specific instruction on the good faith defense. The defendant’s entire defense was that he thought he had received loaps, with his only obligation being to repay them with interest. The defendant gave Krenzel and the Diehls a promissory note where he agreed to pay interest quarterly. The loan was callable at six months, with one month’s notice. Given that the term “loan” was explicitly used, it is conceivable the defendant believed he was entitled to spend the funds as he wished.
This belief is made even more probable considering the promissory notes never specified how or if the money would be invested. The defendant never solicited the Diehls or Krenzel to invest. Instead, they approached him about their unhappiness with their returns on current investments. In fact, the parties never asked the defendant about their investments.
“A defendant is entitled to instruct the jury on a ‘good faith’ defense if there is any evidence to support the defense.” Capiro v. State, 97 So.3d 298, 300 (Fla. 4th DCA 2012). The evidence presented at trial supported the good faith defense. Defense counsel’s performance was deficient for failing to request a specific instruction. See Aversano v. State, 966 So.2d 493, 496-97 (Fla. 4th DCA 2007).
Prejudice to the defendant from counsel’s failure to request the good faith instruction is also apparent from the face of the record; the failure essentially deprived him of his primary defense. The defendant never denied owing the parties money, and made several repayments to them. The promissory notes were vague and described the transaction as a “loan.” His only defense was that he had a good faith belief that he had a right to act as he did.
Capiro, relied on by the defendant, is instructive. There, defense counsel touched on the good faith defense in opening and closing arguments, but ultimately failed to request a good faith instruction. Capiro, 97 So.3d at 300. Here, defense counsel did the same, emphasizing throughout the trial that the defendant believed in good faith that he had received the monies as loans. Like Capiro, the defendant believed he could spend the money as he wished based on the vague promissory notes that never *110 required the money to be invested. Id. at 301. But, the defendant “was prejudiced by virtue of the fact that the jury was not presented with an instruction on the law applicable to his only defense.” Id.
We therefore reverse and remand the case for a new trial. We find no merit in the evidentiary issue raised.

Reversed and remanded for a new trial.

Damoorgian and Conner, JJ., concur.