DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONNIE TRAVIS KRUSE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1422

[July 12, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Elizabeth A. Metzger, Judge; L.T. Case No. 562015CF 001201A.

Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

**ON MOTION FOR REHEARING**

KLINGENSMITH, J.

We grant in part the appellee's motion for rehearing to clarify the charge to be tried on remand. We substitute the following opinion for the original opinion which we issued on May 31, 2017. We deny the remainder of appellee's motion for rehearing without further comment.

Appellant Ronnie Travis Kruse was charged with felony battery on an elderly person (over the age of sixty-five) with prior conviction, and was convicted of the lesser included offense of felony battery with prior conviction. He argues that his counsel was ineffective for failing to request a self-defense jury instruction. We agree, and reverse his conviction and remand the case for a new trial.

In May 2015, appellant had an altercation with the victim outside of the victim's home. According to the victim, appellant came from across

the street and started screaming at him, accusing him of either selling or giving drugs to a present third person. The victim claimed that appellant grabbed him, threw him into the bushes, and broke his jaw by hitting him in the face.

Victim did not contact legal authorities about the incident, but they came to him two days later after appellant called a detective whom he knew to inform him that he had hit the victim during the altercation. According to the third party, appellant put his finger near victim's face, causing victim to initiate physical contact by swiping appellant's finger away.

At trial, appellant described what happened as follows:

[APPELLANT]: [Victim] grabbed my hand, this, my right hand, so I physically with my left hand grabbed his shirt, he grabbed this part of my arm, we ended up in a shoving match almost. He was trying to push me, I, I guess out of the yard or into the bush cause we stumbled into a hedge.

[DEFENSE COUNSEL]: And what did you do after that?

[APPELLANT]: I kinda panicked cause I didn't know what he was gonna do, I apparently hit him twice, I wasn't even sure cause I didn't even think about it, it was, it just, ya' know I guess when . . .

[DEFENSE COUNSEL]: (INDISCERNIBLE) . . .

[APPELLANT]: When fear takes over you fight for your life and I . . .

[DEFENSE COUNSEL]: Did any, did anything, did you, did you do anything else after that?

[APPELLANT]: No, I pushed him away, I looked at [the third party] . . .

[DEFENSE COUNSEL]: Did you . . .

[APPELLANT]: I say get outta here and we left.

[DEFENSE COUNSEL]: Okay.

[APPELLANT]: I just tried to get away from him.

[DEFENSE COUNSEL]: And then you left?

[APPELLANT]: Yes ma'am.

On cross-examination, appellant said he feared the victim was going to harm him even though the victim was sixty-five and somewhat feeble. He stated that he only meant to get the victim off of him, not to "beat that man up," and maintained that he was "not guilty of anything but defending myself."

During closing argument, defense counsel at times made points seemingly related to self-defense. She began her argument by stating, "[a]ll right, the question is what happened on May 3rd, 2015? Who came at who, what happened?" She asserted that the victim "escalated" the situation, and that the testimonies established the victim as the first person to make physical contact when he slapped away appellant's hand. She described the altercation as "a mutual fight between [the victim] and [appellant]."

Notably, during the State's rebuttal argument as the prosecutor contended that there was no justification for what appellant did, appellant interrupted and blurted out, "[i]t's called self-defense."

Despite the testimonies and defense counsel's arguments, defense counsel did not request for the jury to be instructed on self-defense. Later, the jury asked the court, "[i]s affirmative defense applicable in this case?" Defense counsel agreed with the court to answer, "[y]ou were not instructed on an affirmative defense."

The question presented is whether this court should find on direct appeal that appellant's trial counsel was ineffective for not requesting a jury instruction on self-defense. "An attorney renders ineffective assistance of counsel through conduct that exceeds the bounds of reasonable professional assistance, without which, there is a reasonable probability that the client would have enjoyed a different result." *Monroe v. State*, 191 So. 3d 395, 403 (Fla. 2016). As such, "[a]n ineffective assistance of counsel claim is a mixed question of law and fact and is therefore subject to *de novo* review." *Jones v. State*, 137 So. 3d 446, 449 (Fla. 4th DCA 2014) (quoting *Bowman v. State*, 748 So. 2d 1082, 1083–84 (Fla. 4th DCA 2000)).

"[I]neffective assistance of counsel claims should rarely be raised on direct appeal because they are generally fact-specific," *Michel v. State*, 989 So. 2d 679, 681 (Fla. 4th DCA 2008), and as a result, appellate courts do not usually address such claims "until a defendant seeks postconviction relief because such courts are limited to reviewing the record directly before them." *Monroe*, 191 So. 3d at 403. "However, such a claim can be raised where the face of the record demonstrates ineffective assistance of counsel." *Michel*, 989 So. 2d at 681; *see also Jones*, 137 So. 3d at 449 ("Such claims are usually reserved for post-conviction relief, and can be addressed on direct appeal only 'where the incompetence and ineffectiveness of counsel is apparent on the face of the record and prejudice to the defendant is obvious.'" (quoting *Aversano v. State*, 966 So. 2d 493, 495 (Fla. 4th DCA 2007))). We find that relief on direct appeal is warranted because the record before us demonstrates that appellant's counsel rendered ineffective assistance at trial.

To establish an ineffective assistance of counsel claim, two elements must be met:

> First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.

*Jones*, 137 So. 3d at 449 (quoting *Maxwell v. Wainwright*, 490 So. 2d 927, 932 (Fla. 1986) (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984))); *see also Capiro v. State*, 97 So. 3d 298, 300 (Fla. 4th DCA 2012) (describing the two elements as "1) counsel's performance was deficient to the point that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment, and 2) the deficient performance prejudiced the defense").

As to the first element, the record shows that appellant's counsel never requested any instruction on the justifiable use of force despite the evidence supporting a self-defense claim. Defense counsel elicited testimony from appellant asserting that the victim was the aggressor who first made physical contact and "tried to push" appellant out of the yard. Defense counsel also elicited from the third-party witness that the victim was the first to make physical contact, and made arguments during closing that could have reasonably comported with a theory of self-defense.

4

As to the second element, the jury's question asking if any affirmative defenses were available indicates the reasonable possibility that they might have found appellant acted in self-defense. In fact, during deliberations the jury also asked the court whether it could give them "documentation or proof of [the victim's] age" despite there being no real contest that the victim was over the age of sixty-five; then, after the court refused the request, the jury ultimately did not find appellant guilty of battery against an elderly person. Therefore, it is fair to conclude that the jury would have seriously considered the possibility that appellant acted in self-defense if that option were available under the instructions.

We recognize that "[c]ounsel cannot be deemed ineffective merely because current counsel disagrees with trial counsel's strategic decisions." *Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000). "Moreover, strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." *Id.* However, we are hard pressed to surmise what possible strategic reason counsel had to not request a self-defense jury instruction when both counsel and appellant focused on the fact that victim was the first person to initiate physical contact. The State postulates that perhaps appellant's counsel decided not to request a self-defense jury instruction based on the assumption that the jury would not believe that appellant (who was forty-five years old at the time of the incident) acted in self-defense against a feeble sixty-five-year-old man by punching him in the face and breaking his jaw. Indeed, such an assumption on the part of appellant's counsel may have been reasonable. Nevertheless, given the evidence adduced at trial and counsel's statements in closing, that counsel neither requested such an instruction nor objected to its omission is inexplicable.

In sum, self-defense was appellant's only proffered defense to the battery charge. By neglecting to request a self-defense instruction that was clearly applicable to the facts and circumstances of the case, appellant's trial counsel was constitutionally ineffective. Clearly there is a reasonable probability that the error by appellant's trial counsel was prejudicial. *See Marty v. State*, 210 So. 3d 121, 127 (Fla. 2d DCA 2016). Although claims of ineffective assistance of counsel are usually reserved for post-conviction relief under rule 3.850, here the ineffectiveness of counsel is "apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue." *McComb v. State*, 174 So. 3d 1111, 1113 (Fla. 2d DCA 2015) (quoting *Forget v. State*, 782 So. 2d 410, 413 (Fla. 2d DCA 2001)); *see also Monroe*, 191 So. 3d at

403; *Jones*, 137 So. 3d at 449. Accordingly, we reverse appellant's conviction and remand for a new trial on the charge of felony battery with prior conviction. *See Middleton v. State*, 131 So. 3d 815, 817–18 (Fla. 1st DCA 2014) (stating that for double jeopardy purposes, a jury verdict convicting a defendant of a lesser included offense impliedly acquits the defendant of the greater offense).

*Reversed and Remanded.*

GERBER, C.J., and DAMOORGIAN, J., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***