DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARRELL TELISME,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2320

[November 21, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case No. 50-2015-CF-011759-AXXX-MB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant was found guilty of one count of first-degree murder and sentenced to life in prison. He raises several issues on appeal: (1) whether the trial court abused its discretion in allowing a detective to testify regarding what a witness told him about the murder, (2) whether defense counsel was ineffective on the face of the record for failing to call an expert witness, (3) whether the trial court fundamentally erred in not defining "attempt" in the jury instructions, and (4) whether the trial court erred in sustaining a golden rule objection against defense counsel. We find all of these issues to be without merit and affirm. We write, however, to briefly address appellant's claim of ineffective assistance of counsel.

The night of the murder, appellant, the victim, and the victim's roommate had gone out to a bar. At some point during the evening, appellant and the victim got into a fight with one another, trading blows in the street. The victim and the roommate eventually left the area and returned home without appellant. Appellant later showed up at the victim's apartment and shot and killed the victim. Police arrested

appellant later that morning.  During a voluntary post-*Miranda* interview, appellant confessed to killing the victim, but insisted that the events of the evening were a "blur."

On appeal, appellant argues that counsel was ineffective on the face of the record for failing to call an expert witness to testify regarding appellant's susceptibility to influence during the police interview.  Below, defense counsel sought to call this expert only on the issue of diminished capacity.

In general, this court will not consider a claim of ineffective assistance of counsel on direct appeal.  *Aversano v. State*, 966 So. 2d 493, 494-95 (Fla. 4th DCA 2007).  However, ineffective assistance that is apparent on the face of the record and which causes obvious prejudice may be considered on direct appeal.  *Id.* at 495.  In order to successfully raise such a claim, the claimant must "identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards" and show that such performance "so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined."  *Simmons v. State*, 105 So. 3d 475, 487 (Fla. 2012).

Appellant's claim does not meet these requirements.  Rather, defense counsel's performance, which is strongly presumed not to be ineffective, was consistent with the norms of professional conduct.  *See id.*  Below, appellant sought to call the expert to testify regarding appellant's diminished capacity.  However, the Florida Supreme Court has held that "defense counsel is not ineffective for failing to present the defense of diminished capacity because diminished capacity is not a viable defense in Florida."  *Evans v. State*, 946 So. 2d 1, 11 (Fla. 2006).  Thus, defense counsel's refusal to call the expert on diminished capacity was not ineffective.

To the extent appellant now argues that defense counsel should have called the expert for another reason—that is, regarding appellant's vulnerability to police interrogation tactics—this argument too fails.  Defense counsel's decision not to call the expert on this secondary subject was a strategic decision well within "the broad range of reasonably competent performance under prevailing professional standards."  *See Simmons*, 105 So. 3d at 487.  Such a decision is not considered ineffective on the face of the record.  *See id.*

Under the circumstances, counsel's performance was not so facially insufficient as to warrant consideration of appellant's ineffective

2

assistance claim on direct appeal.  *See Aversano*, 966 So. 2d at 494-95; *Simmons*, 105 So. 3d at 487.  Because we find all of appellant's arguments to be without merit, we affirm.

*Affirmed.*

MAY, LEVINE and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***