# Supreme Court of Florida

_____

No. SC20-1404
_____

**HENRY MARTIN STEIGER,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

November 10, 2021

LAWSON, J.

We accepted review of the First District Court of Appeal's decision in *Steiger v. State*, 301 So. 3d 485 (Fla. 1st DCA 2020), because it expressly and directly conflicts with decisions of the Second and Fourth District Courts of Appeal in *Howard v. State*, 288 So. 3d 1239 (Fla. 2d DCA 2020), and *Kruse v. State*, 222 So. 3d 13 (Fla. 4th DCA 2017), concerning whether appellate courts may address the merits of unpreserved claims of ineffective assistance of trial counsel on direct appeal. We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const. For the reasons explained below, we hold that

section 924.051(3), Florida Statutes (2020), which prohibits raising an unpreserved claim of error on direct appeal absent a showing of fundamental error, precludes appellate review of unpreserved claims of ineffective assistance of trial counsel on direct appeal. Such ineffective assistance of counsel claims may therefore only be raised on direct appeal in the context of a fundamental error argument. Ineffective assistance of counsel claims relying upon the less-demanding *Strickland*[1] standard are properly considered upon the filing of a legally sufficient postconviction motion in the trial court.

## I. BACKGROUND

After Henry Steiger's jury found him guilty of second-degree murder, he appealed his judgment and sentence to the First District. *Steiger*, 301 So. 3d at 489. As relevant to the jurisdictional issue before this Court, on appeal Steiger argued that the face of the record shows that his trial counsel was ineffective in several respects. *See id.*

---

1. *Strickland v. Washington*, 466 U.S. 668 (1984).

However, in affirming Steiger's judgment and sentence, the First District declined to address Steiger's claims of ineffective assistance, reasoning as follows:

> Steiger did not preserve any of the errors he advances on appeal and he does not make any claim of fundamental error. *See Latson v. State*, 193 So. 3d 1070, 1072 (Fla. 1st DCA 2016) (Winokur, J., concurring) (observing that "if the defendant does not properly preserve a claimed error, the only statutorily-authorized basis for appellate relief is a showing that the error is fundamental"). Still, Steiger maintains that this Court may address on direct appeal his claims that his counsel was ineffective, even without a claim of fundamental error. But as Judge Winokur explained in his concurring opinion in *Latson*, an appellate court should not allow an appellant to avoid application of the fundamental error standard by asserting that his trial counsel's "failure to raise issues constitutes ineffective assistance, which entails a different standard that could provide an easier path to reversal, and which deprives trial counsel of the opportunity to defend themselves against allegations of unprofessional conduct." *Id.* at 1074. We agree. And so, because Steiger makes no claim of fundamental error, we decline to consider his claims of ineffective assistance of counsel in this direct appeal.

*Steiger*, 301 So. 3d at 489-90 (citation omitted).

The statute referenced by the First District is section 924.051(3), which prohibits a direct appeal in a criminal case "unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error."

- 3 -

Without addressing this statutory limitation, and where no claim of fundamental error was alleged, the district courts in the conflict decisions of *Howard* and *Kruse* reviewed and granted relief based on unpreserved claims of ineffective assistance of trial counsel, reasoning that the ineffective assistance of counsel was apparent on the face of the record and that it would be a waste of judicial resources to not grant relief. *See Howard*, 288 So. 3d at 1251 (finding ineffective assistance of counsel apparent on the face of the record where trial counsel "fail[ed] to respond to the trial court's request for authority" on the point that "[t]he State's evidence and argument about [the defendant's] prearrest, pre-*Miranda* silence were improper" and where trial counsel "fail[ed] to further object to such evidence and argument"); *see also Kruse*, 222 So. 3d at 17 (finding trial counsel "constitutionally ineffective" where it was apparent on the face of the record that counsel had "neglect[ed] to request a self-defense instruction that was clearly applicable to the facts and circumstances of the case").

Similarly, this Court has also held that the standard for reviewing an unpreserved claim of ineffective assistance of trial counsel on direct appeal is that "[a]n appellate court initially

- 4 -

reviewing a conviction will only grant relief for ineffective assistance of counsel where the ineffectiveness of counsel is apparent from the face of the record before the appellate court *and* a waste of judicial resources would result from remanding the matter to the lower court for further litigation." *Monroe v. State*, 191 So. 3d 395, 403 (Fla. 2016). However, in applying this standard, like the district courts in *Howard* and *Kruse*, the *Monroe* court did not address the showing of fundamental error required by section 924.051(3) to raise and obtain relief on direct appeal based on a claim of unpreserved error. To the contrary, the *Monroe* court granted relief based on an unpreserved claim of ineffective assistance of trial counsel that stemmed from trial counsel's failure to preserve a sufficiency of the evidence issue for appeal *after* holding that the unpreserved sufficiency challenge *was not reviewable for fundamental error. Id.* at 401-04.

We accepted discretionary jurisdiction to resolve the express and direct conflict. *See* art. V, § 3(b)(3), Fla. Const.

## II. ANALYSIS

The conflict issue is whether appellate courts may address the merits of an unpreserved claim of ineffective assistance of trial

counsel on direct appeal, absent an allegation of fundamental error. We review this pure question of law de novo, *see Daniels v. State*, 121 So. 3d 409, 413 (Fla. 2013), and agree with the First District in *Steiger* that, based on the plain language of section 924.051(3), unpreserved claims of ineffective assistance of counsel cannot be raised or result in reversal on direct appeal because the statute requires the more demanding showing of fundamental error. *Steiger*, 301 So. 3d at 489-90.[2]

### (A) The plain text of the statute prohibits raising unpreserved error on direct appeal absent a showing of fundamental error.

Section 924.051 governs the "[t]erms and conditions of appeals and collateral review in criminal cases," and subsection (3) of that statute provides in its entirety as follows:

> An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court

---

2. In addition to the conflict issue, Steiger raises several claims of ineffective assistance of counsel, a claim of error regarding the admission of certain photographs, and a claim of cumulative error. We limit our review to the conflict issue. *See Collins v. State*, 766 So. 2d 1009, 1110 n.3 (Fla. 2000) (declining to address other issues that were not the basis for exercising express and direct conflict jurisdiction).

determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.

§ 924.051(3), Fla. Stat.[3]

Section 924.051(2) states that "[t]he right to direct appeal . . . may only be implemented in strict accordance with the terms and conditions of this section," and section 924.051(8) provides that it is "the intent of the Legislature that all terms and conditions of direct appeal . . . be strictly enforced, including the application of procedural bars, to ensure that all claims of error are raised and resolved at the first opportunity," and, moreover, that it is "also the Legislature's intent that all procedural bars to direct appeal . . . be fully enforced by the courts of this state."

Section 924.051 governs "[t]erms and conditions of appeals and collateral review in criminal cases" and therefore governs Steiger's claims of ineffective assistance of counsel. When the plain text of section 924.051 is applied, an appeal may be taken from a

---

3. The Legislature enacted section 924.051(3) as part of the Criminal Appeal Reform Act of 1996. Ch. 96-248, § 4, at 953-54, Laws of Fla. The language of section 924.051(3) has remained the same since its enactment in 1996. *See* § 924.051(3), Fla. Stat. (2020).

judgment or order of a trial court only where a criminal defendant alleges prejudicial error that was properly preserved or otherwise alleges that unpreserved error would constitute fundamental error. § 924.051(3). Further, an appellate court may only reverse a judgment or sentence if it determines after a complete review of the record that prejudicial error occurred and was preserved in the trial court or would constitute fundamental error. *Id.*

Steiger concedes that his ineffective assistance of counsel claims were not properly preserved, and he does not allege that fundamental error occurred at trial. The plain language of section 924.051(3) therefore precludes review of his claims of ineffective assistance of trial counsel on direct appeal. *See State v. Jefferson,* 758 So. 2d 661, 664 (Fla. 2000) ("We find it is clear from the language of section 924.051(3) that the Legislature intended to condition reversal of a conviction on the existence of either an error that was preserved and prejudicial or an unpreserved error that constitutes fundamental error."); *see also State v. Maisonet-Maldonado*, 308 So. 3d 63, 68 (Fla. 2020) ("If the language of the statute is clear, 'the statute is given its plain meaning, and the court does not look behind the statute's plain language for

legislative intent or resort to rules of statutory construction.' ") (quoting *Halifax Hosp. Med. Ctr. v. State*, 278 So. 3d 545, 547 (Fla. 2019)).

This conclusion flows from the fact that ineffective assistance of trial counsel claims under *Strickland* afford criminal defendants an easier path to relief than claims of fundamental error. To succeed on a claim of ineffective assistance of counsel, a claimant need only show that trial counsel was deficient and that the deficiency prejudiced the claimant. *See Bolin v. State*, 41 So. 3d 151, 155 (Fla. 2010) (citing *Maxwell v. Wainwright*, 490 So. 2d 927, 932 (Fla 1986)). In contrast to the showing of prejudice required by *Strickland*—i.e., "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," 466 U.S. at 694—establishing fundamental error is more difficult because, to be fundamental, an "error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *F.B. v. State*, 852 So. 2d 226, 229 (Fla. 2003) (quoting *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960)).

In addressing unpreserved claims of ineffective assistance of trial counsel on direct appeal, the courts in *Howard*, *Kruse*, and *Monroe* sensibly considered the need to preserve scarce judicial resources in cases where it is apparent on the face of the record that the defendant would ultimately obtain postconviction relief based on ineffective assistance of trial counsel. Although this might be a prudent exception to the statutory requirement that unpreserved claims of error cannot be raised or result in relief on direct appeal absent a showing of fundamental error, the State correctly argues that section 924.051(3) does not contain a waste-of-judicial-resources exception, and we cannot rewrite the statute.

**(B) Steiger's constitutional counterarguments are meritless.**

Steiger argues that applying section 924.051(3) to preclude appellate review of unpreserved claims of ineffective assistance of trial counsel abrogates the Sixth Amendment's guarantee to effective assistance of counsel. We disagree. Section 924.051(3) merely operates as a condition to the right to direct appeal and places unpreserved ineffective assistance of trial counsel claims within the postconviction framework. *See Martinez v. Ryan*, 566

U.S. 1, 13 (2012) (acknowledging that the Court was not "imply[ing that] the State acted with any impropriety by reserving the claim of ineffective assistance for a collateral proceeding" and that "there are sound reasons for deferring consideration of ineffective-assistance-of-trial-counsel claims until the collateral-review stage"). Accordingly, the Sixth Amendment does not allow Steiger to avoid the plain text of section 924.051(3).

Nor does separation of powers provide a basis to avoid the statute's plain text. The Florida Legislature may condition the right to appeal without violating the separation of powers outlined in the Florida Constitution. In *Amendments to the Florida Rules of Appellate Procedure*, 696 So. 2d 1103, 1104 (Fla. 1996), the Florida Bar Appellate Rules Committee, public defenders, and other commenters argued that the provisions in section 924.051 are procedural and could not override this Court's Rules of Appellate Procedure, while the Attorney General contended that the statute's provisions are substantive and controlling. This Court recognized the constitutional protection of the right to appeal provided in article V, section 4(b) of the Florida Constitution, but concluded that "the legislature may implement this constitutional right and

place reasonable conditions upon it so long as they do not thwart the litigants' legitimate appellate rights." *Id.* The Court noted that "[o]f course, this Court continues to have jurisdiction over the practice and procedure relating to appeals," and held that "the legislature could reasonably condition the right to appeal upon the preservation of a prejudicial error or the assertion of a fundamental error." *Id.* at 1104-05; *cf. also Jefferson*, 758 So. 2d at 663-66 (holding that 924.051(3)'s conditioning of the reversal of a criminal conviction on the existence of either an error that was preserved and prejudicial, or an unpreserved error that constitutes fundamental error, does not violate the Florida Constitution as it merely codified existing procedural bars to appellate review).

With these considerations in mind, the application of section 924.051(3)'s preservation requirement to ineffective assistance of trial counsel claims on direct appeal imposes a reasonable condition upon a criminal defendant's constitutional right to a direct appeal, leaving such unpreserved claims to either be separately alleged as fundamental error or brought in postconviction proceedings as ineffective assistance of trial counsel claims.

**(C) The establishment of a procedural rule could assist in the preservation of scarce judicial resources.**

Although the plain text of the statute resolves the conflict issue, in the rare case where appellate counsel reasonably concludes that ineffective assistance of the appellant's trial counsel appears on the face of the record, it might be helpful to adopt a procedural rule that would allow the trial court to consider the claim and grant relief before merits briefing in the direct appeal. Accordingly, we refer this matter to the Criminal Procedure Rules Committee of The Florida Bar for consideration of a proposed rule and suggest that the current rule governing motions to correct sentencing errors, Florida Rule of Criminal Procedure 3.800(b), may provide a useful guide.

## III. CONCLUSION

Based on the plain text of section 924.051(3), an unpreserved error may only be raised and result in reversal on direct appeal where the error is fundamental. Because a showing of fundamental error is not required to prevail on a claim of ineffective assistance of trial counsel under *Strickland,* such an unpreserved claim may not be raised or result in reversal on direct appeal. Rather, to raise and

prevail on any unpreserved claim of error on direct appeal, the defendant must demonstrate fundamental error. Accordingly, we approve the First District's decision in *Steiger* to the extent it is consistent, recede from *Monroe* as clearly erroneous, to the extent that it conflicts with this opinion, and disapprove of the district courts' decisions in *Howard* and *Kruse* to the extent those decisions failed to apply the fundamental-error limitation of section 924.051(3) in reviewing and granting relief based on unpreserved claims of ineffective assistance of trial counsel on direct appeal.

It is so ordered.

CANADY, C.J., and POLSTON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
LABARGA, J., concurs specially with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., specially concurring.

Given the constraints set forth in section 924.051(3), Florida Statutes (2020), I concur with the majority and agree that Steiger's claims of ineffective assistance of trial counsel are not cognizable on direct appeal.

However, I also understand the rationale, as discussed in *Howard*[4] and *Kruse,*[5] for considering such claims on direct appeal in rare instances. Considering a claim of ineffective assistance of trial counsel on direct appeal—where trial counsel's deficient performance is obvious on its face, lacks a strategic explanation, and resulted in prejudice to the defendant—may be a more efficient and judicious use of the limited resources in Florida's state courts.

Nonetheless, section 924.051(3) is determinative in this case. Where Steiger's claims of ineffective assistance of trial counsel were based on unpreserved errors, and Steiger failed to assert fundamental error, such claims must be considered in the context of a motion for postconviction relief under the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984).

Application for Review of the Decision of the District Court of Appeal
Direct Conflict of Decisions

First District - Case No. 1D19-3217

(Escambia County)

---

4. *Howard v. State,* 288 So. 3d 1239, 1249 (Fla. 2d DCA 2020).

5. *Kruse v. State,* 222 So. 3d 13, 17 (Fla. 4th DCA 2017).

Jared Brown of Brown Legal PLLC, Fort Lauderdale, Florida; and Martin Roth of Martin L. Roth, P.A., Fort Lauderdale, Florida,

for Petitioner

Ashley Moody, Attorney General, Trisha Meggs Pate, Bureau Chief, and Daren L. Shippy, Assistant Attorney General, Tallahassee, Florida,

for Respondent